UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK JEFFREY,   Case No. 10-10463

        Plaintiff,   John Corbett O'Meara
v.   United States District Judge

ROYAL OAK POLICE DEPARTMENT,   Michael Hluchaniuk
   United States Magistrate Judge
        Defendant.
_____/

# REPORT AND RECOMMENDATION
# MOTION FOR SUMMARY JUDGMENT (Dkt. 14)

## I.   PROCEDURAL HISTORY

Plaintiff, a prisoner in the custody of Federal Bureau of Prisons, filed an amended complaint on April 7, 2010, alleging that the Royal Oak Police Department violated his civil rights (42 U.S.C. §1983) by illegally seizing firearms from his home.  (Dkt. 4).  Plaintiff filed a motion for summary judgment on May 4, 2010.  (Dkt. 6).  Plaintiff's motion was denied without prejudice because defendant had not yet been served with the complaint.  (Dkt. 9).  Plaintiff has not re-filed his motion for summary judgment.

Defendant filed a motion for summary judgment on February 15, 2011. (Dkt. 14).  Plaintiff filed a response on April 1, 2011.  (Dkt. 18).  Defendant filed a reply to plaintiff's response on April 15, 2011.  (Dkt. 21).  On January 18, 2011,

this matter was referred to the undersigned by District Judge John Corbett O'Meara for all pretrial proceedings. (Dkt. 10).

This matter is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED**.

## II. FACTUAL BACKGROUND

Plaintiff is presently incarcerated at FCI Milan, convicted of charges related to possession of child pornography. Plaintiff's complaint stems from action taken by the Royal Oak Police Department on the day of his arrest on March 10, 2008 (Dkt. 4, p. 3). Specifically, plaintiff alleges that members of the Royal Oak Police Department illegally seized weapons that were held in his home. Plaintiff claims that the Royal Oak Police Department did not have a warrant to search his home, and that they were only there to assist another local police department. Plaintiff alleges that the firearms were seized unlawfully, that they were beyond the scope of the search warrant, and were worth approximately $15,000. (Dkt. 4, p. 3).

The basic facts are relatively undisputed by defendant except defendant claims that the date of plaintiff's arrest was March 8, 2008, and that the weapons were seized lawfully and in plain view during the execution of a search warrant related to the child pornography charges. (Dkt. 14, p. 2).

B. <u>Defendant's Motion for Summary Judgment</u>

Defendant claims that there is no basis for suing the Royal Oak Police Department; specifically, that they are a party that cannot be sued (Dkt. 14, p. 14). Second, defendant claims that even if the proper party (the City of Royal Oak) were substituted as the real party in interest in this case, plaintiff has failed to allege a pattern of practice or policy that can be connected to the City of Royal Oak as the cause of the alleged illegal seizure. (Dkt. 14, p. 15-16). Third, defendant argues that the firearms seized from plaintiff's home constitute illegal contraband and thus he is not entitled to their return. (Dkt. 14, p. 16). Finally, defendant claims that the items were lawfully seized at the time of the search as a reasonable safeguard while executing a valid search warrant. (Dkt. 16, p. 17).

C. <u>Plaintiff's Response to Defendant's Motion for Summary Judgment</u>

In his motion for summary judgment, plaintiff reiterates his argument that his weapons were unlawfully removed from his home by the Royal Oak Police Department. Plaintiff suggests that officers within the police department benefitted from the seizure of these weapons in that they seized them for their own personal use. (Dkt. 18, p. 2). In his motion, plaintiff makes the argument that defendants are sidestepping the real issue and are trying to make this case about civil rights instead of the Fourth Amendment. (Dkt. 18, p. 3). Lastly, plaintiff claims that the defendants "have no business" in what he does after he is released

from prison and he would have every right to own the firearms once he is released. *Id*.

      D.    <u>Defendant's Reply to Plaintiff's Response</u>

In its reply brief, defendant reiterated the claim that the Royal Oak Police Department is an entity that cannot be sued, and points out that plaintiff failed to even address that issue. (Dkt. 21, p. 5). Defendant also asserts that all of the firearms were seized lawfully, and that plaintiff has presented no evidence to the contrary. (Dkt. 21, p. 6).

### III. ANALYSIS AND CONCLUSIONS

      A.    <u>Standard of Review</u>

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also Tucker v. Union of*

*Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

Under Federal Rule of Civil Procedure 56, a party asserting a fact that cannot be or is not genuinely disputed must support that assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declaration, stipulations, admission, interrogatory answers, or other materials; or a showing that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact. Fed.R.Civ.P. 56(c)(1).[1]

---

[1] Formerly, "Rule 56(e) require[d] that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit ... To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Johnson v. Memphis City Schools*, 2010 WL 1957267, *2 (W.D. Tenn. 2010), quoting, 10A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure, § 2722, at 379-80 & 382-84 (1988). According to the Advisory Comments to the recent amendments, this specific requirement was omitted because as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record. Comments, 2010 Amendments to Fed.R.Civ.P. 56, subdivision (c). Notably, the language changes have not changed the standard itself. *Id*. ("The standard for granting summary judgment remains unchanged.").

When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001) ("[I]f the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which the nonmovant has the burden, the moving party is entitled to summary judgment as a matter of law.").

      B.     <u>The Royal Oak Police Department is Not a Proper Defendant</u>.

The only defendant named in this lawsuit is the Royal Oak Police Department, a subdivision of the City of Royal Oak. No individuals are named in this lawsuit, nor is the City of Royal Oak. Plaintiff filed a motion to amend his complaint to include additional defendants on April 6, 2011. (Dkt. 19). This motion was stricken without prejudice because it did not comply with Local Rule 15.1, specifically because plaintiff did not attach a proposed amended complaint to the motion. (Dkt. 25). Plaintiff has not re-filed his motion to amend the complaint, despite the passage of three months since it was stricken. In its motion for summary judgment, defendant contends that the Royal Oak Police Department cannot be a defendant in this case because it is not an entity that is capable of being sued. That is, the police department is simply a creation of a municipality and not a separate governmental entity. (Dkt. 14, p. 15). Plaintiff makes no

attempt to address the legal argument that the Royal Oak Police Department is an entity that cannot be sued. Plaintiff filed a motion to amend (Dkt. 19) other defendants, including the City of Royal Oak and individual police officers. That motion was denied pending the receipt of a complaint, alleging specific facts pertaining to the defendants which plaintiff wished to add (Dkt. 25). No such complaint was ever filed.

Section 1983 creates liability for individuals, acting under color state law, who deprive others of constitutional rights. The Royal Oak Police Department is not an individual as defined in 42 U.S.C. § 1983. *See Matthews v. Jones*, 35 F.3d 1046 (6th Cir. 1994). Moreover, a city police department is merely a subdivision of the city and is not a proper defendant in a § 1983 suit. *Laise v. City of Utica*, 970 F.Supp. 605, 608 (E.D. Mich. 1997) (noting that a city police department is merely an agency of the city, and therefore is not a proper defendant in a § 1983 lawsuit); *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007). In the view of the undersigned, the Royal Oak Police Department cannot be sued as a defendant in this matter. *Id.* Even if plaintiff alleged facts suggesting that employees of the police department, and in turn, the city, violated his constitutional rights, they are simply not parties to this lawsuit. Thus, defendant is entitled to summary judgment on this basis.

### C. Plaintiff Has Neither Alleged Nor Identified a Pattern and Practice Claim.

Defendant also claims that even if the City of Royal Oak were named as a defendant in the lawsuit, plaintiff has failed to identify a specific pattern of practice, policy, or some other directive created by the municipality, which is required to show that the city would somehow be responsible for the injuries suffered. According to defendant, no specific policy, pattern of practice, or custom has been alleged or proven by plaintiff in this case that would prove to be a sufficient proximate cause of the violations that he alleges. Plaintiff offered no substantive response to this argument and his claims appear to involve actions taken by particular employees of the police department, not pursuant to a policy or pattern of practice. Plaintiff has simply not attempted to create an issue of material fact on this issue. *Thompson*, 250 F.3d at 405.

Even if the city were added as a party to the lawsuit, municipal governments are generally shielded from vicarious liability on a theory of *respondeat superior*. *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Plaintiff would have to show that a specific policy or procedure caused an employee of the city or the police department to deprive him of his constitutional rights. This was not raised as an issue in plaintiff's complaint and again, plaintiff has not attempted to create an issue of material fact on this issue. *Thompson*, 250 F.3d at 405.

Defendant has satisfied the burden of proof for summary judgment in that based on the evidence in the record, the Royal Oak Police Department cannot be held liable for the actions alleged by plaintiff. Because no genuine issue of fact exists in this case, summary judgment is warranted in favor of defendant.[2]

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

---

[2] Given the foregoing conclusions, the remainder of defendant's arguments need not be addressed.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 27, 2011                    s/Michael Hluchaniuk
                                       Michael Hluchaniuk
                                       United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on July 27, 2011 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Mark A. Rouland and T. Joseph Seward</u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to plaintiff, a non-ECF participant, at the following address: <u>Patrick Jeffrey, #42588039, MILAN FEDERAL CORRECTIONAL INSTITUTION, P.O. Box 1000, Milan, MI 48160</u>.

                                       s/Darlene Chubb
                                       Judicial Assistant
                                       (810) 341-7850
                                       darlene_chubb@mied.uscourts.gov